IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ALVESTER MOORE and SHARON MOORE, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | No. 4:11CV00376 SWW |
| JAMES SHERMAN, ET AL., | * * * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

Plaintiffs filed a *pro se* pleading on May 2, 2011, which the Clerk filed as a complaint.[1] According to the complaint, separate defendants Aurora Loan Services, EMC Mortgage Services, and Litton Loan Servicing, LP, initiated a non-judicial foreclosure against plaintiffs' real property located in Pulaski County, Arkansas. The foreclosure was to take place on May 2, 2011 "and soon after." Compl., ¶ 11. Plaintiffs bring their suit pursuant to the Home Ownership Equity Protection Act, 15 U.S.C. § 1639; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Unfair and Deceptive Acts and Practice, 15 U.S.C. § 45, *et seq.*; federal and state rescission statutes; the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-102 *et seq.*; the Arkansas Home Sales Solicitation Act, Ark. Code Ann. § 4-89-101 *et seq.*; the usury provisions of the Arkansas Constitution; and other state and federal laws "enacted for Plaintiff's benefit."

---

[1] Within the pleading, plaintiffs asked for a temporary restraining order seeking to stop the foreclosure against their real property set for the same day. Plaintiffs did not file a separate motion for temporary restraining order and brief which are required under the Local Rule 7.2(e) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

Compl., ¶ 1. They also allege state law claims of breach of contract, intentional infliction of emotional distress, and fraud. *Id.* Finally, they allege Arkansas' Statutory Disclosure Act, Ark. Code Ann. § 18-50-101-117, is unconstitutional.

Separate defendants Aurora Loan Services ("Aurora") filed a motion to dismiss on June 14, 2011. Plaintiffs did not timely respond, and the Court entered an Order on July 7, 2011, directing plaintiffs to respond to the motion by July 22, 2011. Plaintiffs did not respond and the Court granted the motion to dismiss on July 25. On July 27, 2011, plaintiffs filed a response.

The Court has reviewed plaintiffs' response to Aurora's motion to dismiss, and finds no reason to reconsider its decision. Plaintiffs fail to allege any specific facts in support of their allegations of unlawful conduct on the part of Aurora. Their claim that the Arkansas Statutory Foreclosure Act is unconstitutional is meritless. *See Parker v. BancorpSouth Bank*, 253 S.W.3d 918 (Ark. 2007) (holding Act not unconstitutional).

Before the Court is plaintiffs' motion for an extension of time to conduct the Rule 26(f) conference. The motion [doc. no. 17] is granted.

SO ORDERED this 1st day of September, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE